Rockingham,
No. 5674.

Trustees of the Protestant Episcopal Church

*v.*

Robert Danais, *Director.*

Argued October 4, 1967.
Decided November 30, 1967.

*Edward F. Gage* ( by brief and orally ), for the plaintiffs.

*Norman E. D'Amours,* Assistant Attorney General ( by brief ), for the defendant.

*Alvah C. Drake,* guardian ad litem, filed no brief.

GRIFFITH, J.   The petition alleges that the plaintiffs acquired a tract of land with the buildings thereon under the codicil of the will of Caroline E. Harris dated August 10, 1887 by devise reciting as follows:

"I give, bequeath and devise to the Trustees of the Protestant Episcopal Church in New Hampshire, a corporation existing under the laws of said State, my dwelling house and land situate on Elliot Street in said Exeter, said house to be used as a rectory for the parish of Christ Church in said Exeter, to be occupied by the rector of said Christ Church and his family and by them only.

"To have and to hold to said Trustees of the Protestant Episcopal Church in New Hampshire, their successors and assigns forever to the end that my wishes above expressed may be fully carried out by said Trustees."

The residuary clause in part reads as follows:

"After payment . . . legacy and bequests, and the devise of my said real estate as provided for, all the rest, residue and remainder of my estate, I give and bequeath and devise to the said Matilda A. Dana and said Julia Vann Ness Whipple."

On January 24, 1917 N. Dana Whipple and Roberta P. Whipple conveyed to the Trustees of the Protestant Episcopal Church in New Hampshire for the sole use and benefit of the Parish of Christ Church in Exeter, by quitclaim deed, all their "right, title and interest of whatsoever nature, present or prospective, vested or contingent" in the rectory premises and describing themselves as heirs of Matilda A. Dana and Julia Van Ness Whipple residuary legatees and devisees of the estate of Caroline E. Harris.

The premises were occupied by the rectors of Christ Church for some seventy-two years following the death of Caroline E. Harris and were adjacent to the church building referred to in the companion case between the same parties decided this day. *Trustees of Protestant Episcopal Church* v. *Danais*, 108 N. H. 344.

Sale of the church building is dependent upon the sale of the rectory and would produce $20,200, which would be available for the erection of a new rectory in the vicinity of the new church complex. If the plaintiffs are not permitted to deviate from the terms of the devise by such sale and devotion of the proceeds of such sale to the purchase of a new rectory it will result in substantial financial loss to the plaintiffs through the loss of the sale and a consequent inability to build the church complex required by the normal growth of the church.

The following questions were transferred without ruling:

"1. Under the will of Caroline E. Harris and the codicil thereto was a valid charitable trust created in the Trustees of the Protestant Episcopal Church in New Hampshire for the benefit of Christ Church of Exeter?

"2. Under said will and codicil thereto did the devise of the said premises constitute a complete gift in trust for the purpose stated, vesting full title in trust free of any reversionary interest in the heirs of the testatrix?

"3. If such a valid charitable trust was created may the Trustee have authority to deviate from the terms of the trust and sell the premises, holding the proceeds in trust to be used for accomplishment of the trust purpose at a different location?"

The estate devised to the plaintiffs was absolute and charitable. There would be no reverter to the testatrix's heirs even if there were a failure by the trustee to execute the trust since the charitable use having been declared and there being no forfeiture or

reverter it cannot be permitted to fail. *Methodist Society* v. *Harriman,* 54 N. H. 444; *Trustees of Protestant Episcopal Church* v. *Danais,* 108 N. H. 344, and cases cited. The answers to questions 1 and 2 are therefore yes.

There is nothing in this case indicating that there was any intention on the part of the testatrix to make the use of the house paramount to the furnishing of a rectory. The case is thus distinguished from *Adams Academy* v. *Adams,* 65 N. H. 225; and the proposed deviation will keep intact the principal purpose of the trust, which was for a rectory. *Exeter* v. *Robinson Heirs,* 94 N. H. 463. Question number 3 is answered in the affirmative.

*Remanded.*

All concurred.